

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 28, 1990

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No.    JM-1277

Re:    What constitutes a "bond"
for  purposes of  article 179f,
V.T.C.S., which regulates char-
itable   raffles,   and   related
questions   (RQ-2108)

Dear Mr. Driscoll:

Article 179f,  V.T.C.S., provides  for the  conduct  of raffles[1] by certain charitable organizations.  Article  179f was adopted in 1989, to be effective January 1, 1990.   Acts 1989, 71st Leg., ch. 957, § 1, at 4022.[2]

Section 3 of article 179f imposes various conditions on the conduct of raffles under the article.  You ask about the scope of the  language relating  to the posting  of bond  in subsection (j) of section 3, which provides:

> A raffle  is  not  authorized  under  this article unless  the organization  has in  its possession or ownership the prize that is  to be offered in the  raffle or <u>posts bond</u>  with

---

1.   Section 2(a)(8) of article 179f provides:

'Raffle' means the awarding of one or more prizes by chance at a single occasion among a single pool  or group of persons who have paid or promised a thing  of value for a ticket that  represents a chance to win  a prize.

2.   The effectiveness of article 179f was contingent on the adoption of subsection (d) of section 47 of article  III of the Texas  Constitution, authorizing  the legislature  to provide  for  certain  charitable  raffles.   The  amendment adding subsection  (d)  to  article III,  section  47,  was approved by the voters on November 7, 1989.

> the county clerk of  the county in which  the
> raffle is to be held  for the full amount  of
> the money value of  such a prize.    (Emphasis
> added.)

You note that  article 179f  does not  define the  term
"bond" and  ask  first  "what qualifies  as  a  'bond'"  for
purposes of  subsection (j),  section 3.    We can  not  here
provide an all-inclusive definition of the term "bond" as it
is used in  subsection (j),  where the  legislature has  not
done so.   In the brief you submitted  with your request, you
consider in connection with your first question only whether
a bond issued by a surety company authorized to do  business
in this state  would qualify  as a  "bond" under  subsection
(j).   We will limit our  response to your first question  to
that issue.

You suggest that  a bond executed  by a surety  company
authorized to do business in this state, as provided for  in
article 7.19-1 of the Insurance Code, would, if executed for
"the full amount of the money  value of [the] prize" in  ac-
cordance with subsection (j), qualify  as a bond under  that
subsection. We agree.   Article 7.19-1 of the Insurance Code
on its face provides that  whenever any bond is required  by
law to  be made,  such  bond may  be  executed by · a  surety
company duly qualified to do business in this state and that
all public officers shall accept such bond as complying with
the requirements of such  laws.   Thus a  bond executed by  a
surety company authorized  to do business  in this state  in
the amount required  by section 3(j)  of article 179f  would
meet the requirement of a "bond" under that subsection.

You next ask  whether the  county clerk  must accept  a
"cash bond" under article 179f.   You note that the  existing
statutes governing the county clerk's handling of cash  sums
to be  held by  the clerk  would not  apply to  the  clerk's
handling of cash amounts deposited with the clerk in connec-
tion  with the bond requirement of article 179f.   See  Local
Gov't Code  §§ 117.052 (clerk  to place  money deposited  in
court pending result of legal proceeding in depository trust
fund account  in name  of clerk),  117.053 (any  payment  by
clerk from trust fund  account must be  made under order  of
court in which  funds were deposited).    You argue that  the
absence of  statutory  provision  for the  county  clerk's
handling of  a  "cash  bond" placed  with  the  clerk  under
article 179f, section 3(j),  indicates that the  legislature
did not contemplate that a  clerk must accept a "cash  bond"
in satisfaction of the bond requirement of that provision.

The term "bond" ordinarily refers to an "obligatory instrument in writing." See 10 Tex. Jur. 3d Bonds and Undertakings § 1, and authorities cited therein. For numerous statutory bond requirements, the legislature has specified that cash bonds are acceptable. See, e.g., V.T.C.S. art. 179d, § 13a(b) (manufacturer of bingo equipment must give Alcoholic Beverage Commission "cash bond" or bond issued by surety company); Tax Code § 151.253 (security for sales tax permit application may be "cash bond" or bond from surety company); cf. Attorney General Opinion JM-215 (1984) (Department of Highways and Public Transportation could not place limits on type of bond acceptable under article 6686(a)(7), V.T.C.S., which sets bond requirements for motor vehicle dealers).[3]

We think that if the legislature had intended the term "bond" as used in article 179f to include a "cash bond," it would have given a clearer indication of such intent than we find in the sparse language of section 3(j), particularly as there are no statutory procedures for the county clerk's handling of the cash involved. If the county clerk, whose duties are ministerial in nature,[4] had been intended to accept and handle cash bonds under article 179f, we think the legislature would have established procedures for his doing so. As a practical matter, if an article 179f organization had the monetary value of the prize available in cash, it would not ordinarily need to post a bond -- it could simply acquire the prize with such money. In response to your second question, it is our opinion that the county clerk may not accept a "cash bond" in satisfaction of the bond requirement of section 3(j) of article 179f.

You ask next what the term "post" bond in section 3(j) means. Webster's defines the term "post" when used with the word "bond" to mean "to furnish . . . to the proper authority." Webster's Third New Int'l Dictionary 1771 (4th ed. 1976). We think the requirement of "posting" in section 3(j) is met when an acceptable bond is furnished, or

---

3. The bond requirement in article 6686(a)(7) was removed at the next legislative session. Acts 1985, 69th Leg., ch. 465, § 5, at 1635.

4. See, e.g., 35 D. Brooks, County and Special District Law § 10.5 (Texas Practice 1989) and authorities cited therein.

delivered, to the  county clerk.  <u>See also</u>  10 Tex. Jur.  3d <u>Bonds and Undertakings</u> § 9 (bond  must be "delivered" to  be effective).

You ask last whether the county clerk must record  such bond, and, if so,  in what county record  the bond would  be filed.

The  only  provision  we  find  that  might  arguably authorize the recording  of an article  179f raffle bond  is section 12.001(a) of the Property Code, which provides:

> An instrument concerning real or  personal
> property may be recorded  if it has been  ac-
> knowledged, sworn to with a proper jurat,  or
> proved according to law.

The ordinary meaning of the term "instrument" is  quite broad.  Black's defines "instrument"  as "a formal or  legal document in writing, such as  a contract, deed, will,  bond, or lease."  Black's Law Dictionary 719 (5th ed. 1979).  But even if an article  179f bond might  be an "instrument,"  as that term is used in section  12.001(a), we do not think  it would be one "concerning  real or personal property"  within the meaning of that provision.  Such bond is required  under section 3(j)  of article  179f  only when  the  organization conducting the raffle does not have the prize in its posses-sion.  Therefore such  bond would  not ordinarily  "concern" specific, identified property of the  sort which we think  a section 12.001(a) instrument was intended to relate to.  <u>See</u> (former V.T.C.S.  art.  6626(a)(provision  codified  without substantive change  as  section 12.001(a)  of  the  Property Code, which enumerated as  instruments subject to  recording "deeds, mortgages, conveyances,  deeds of  trust, bonds  for title, covenants, defeasances," etc.).

In response to  your last question,  it is our  opinion that the county clerk is  not required to record an  article 179f raffle bond.

### S U M M A R Y

> A bond issued by  a surety company  autho-
> rized to do business  in Texas under Insurance
> Code article 7.19-1,  if executed for the full
> amount of  the  money value  of  the  raffle
> prize,  would satisfy the bond requirement  of
> section 3(j) of  article 179f, which  relates
> to charitable raffles.

The county clerk may not accept a "cash bond" in fulfillment of the bond requirement of subsection (j).

The requirement in subsection (j) that an organization "post" bond is met when an acceptable bond is furnished or delivered to the county clerk.

The county clerk is not required to record an article 179f bond.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General